

FILED

AUG 1 6 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 07-24447-D-11 |
| | ) Docket Control No. SW-1 |
| CHAREL WINSTON, | ) |
| | ) |
| Debtor. | ) DATE: August 15, 2007 |
| _____ | ) TIME: 10:00 a.m. |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM DECISION ON**
**<u>GMAC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>**

<u>I. BACKGROUND</u>

On June 13, 2007 Charel Winston (the "debtor") initiated the above Chapter 11 case. No trustee has been appointed and the debtor is managing her financial affairs as a debtor-in-possession. In her voluntary petition the debtor listed two prior cases that she had filed within the last eight years. Specifically, the debtor listed Case No. 06-25276-D-13L filed December 12, 2006 (the "first case") and Case No. 07-20593-D-13L filed January 30, 2007 (the "second case").[1] The first case and the second case were

---

[1] The debtor's two prior bankruptcy cases were filed in the United States Bankruptcy Court, Eastern District of California. The court takes judicial notice of the docket and all pleadings filed in the first case and the second case.

55

pending and dismissed within one year of the debtor's current Chapter 11.

On July 31, 2007 General Motors Acceptance Corporation ("GMAC") filed a Motion for Relief From the Automatic Stay, bearing Docket Control No. SW-1 (the "Motion"). The Motion requests that GMAC be relieved from the automatic stay to allow GMAC to repossess and dispose of a 2005 Hummer automobile that GMAC leased to the debtor.

On August 14, 2007 the debtor filed opposition (the "Opposition") to the Motion. In the Opposition the debtor asserts she should: (1) be given an opportunity to submit a reorganization plan; (2) that she has a high likelihood of reorganizing her debt; (3) that the vehicle is necessary for reorganization; and (4) that she has acted in good faith in this Chapter 11 case. On August 15, 2007 the court held a hearing on the Motion and the matter was taken under submission.

## II. ANALYSIS

A.  Jurisdiction

This court has jurisdiction over the Motion pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. section 157 (b)(2)(G).

B.  Legal Standard

Section 362(c)(4) of the Bankruptcy Code ("Code") provides in part as follows:

> "(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section

707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;"

C. Discussion

Both GMAC and the debtor miss the mark. The debtor had two prior bankruptcy cases pending within the year preceding the filing of her current Chapter 11 case, and both cases were dismissed. The first case was filed on December 12, 2006, and the debtor failed to file the information required by section 521(a)(1) of the Code within 45 days of the petition date. Accordingly, the first case was automatically dismissed pursuant to section 521(i) of the Code on the 46th day. An order confirming the automatic dismissal of the first case was entered on February 5, 2007 (Docket Entry No. 19 in the first case).

The second case was filed on January 30, 2007 and dismissed on June 6, 2007 as a result of debtor's failure to obtain pre-petition credit counseling as required by section 109(h) of the Code (Docket Entry No. 64 in the second case). None of the debtor's three bankruptcy cases (the first case, the second case, or the current Chapter 11) represent a refiled case under section 707(b) of the Code.

/ / /

1 | The debtor's current Chapter 11 is more than 30 days old and
2 | no party in interest has requested that the automatic stay take
3 | effect.  Accordingly, pursuant to section 362(c)(4) of the Code,
4 | the stay under section 362(a) did not go into effect upon the
5 | filing of the debtor's current Chapter 11.  Further, the time has
6 | run for a party to request the stay go into effect under section
7 | 362(c)(4)(B).  As there is no stay in effect, the Motion will be
8 | denied as moot.
9 |     A separate order will be entered consistent with this
10 | memorandum decision.
11 | Dated:    AUG 1 6 2007                    /s/ Robert Bardwil
                                               Robert S. Bardwil
12 |                                            United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as assistant to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814


Charel Winston
2000 Arroyo Vista Way
El Dorado Hills, CA 95762


Donald Cram
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111


DATE: AUG 1 6 2007

_____
Andrea Lovgren